UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERIQUEST MORTGAGE COMPANY,

    Plaintiff,

v.

ANTHONY C. SAVALLE ,
DEBRA L. SAVALLE, husband and
wife, `EMCC, INC., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
IN., HOMECOMINGS FINANCIAL
NETWORK, INC., and UNITED STATES
DEPARTMENT of TREASURY--INTERNAL
REVENUE SERVICE,

    Defendants.
_____/

NO. 07-14574

HON. MARIANNE O. BATTANI

### OPINION AND ORDER GRANTING UNITED STATES OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST ANTHONY C. SAVALLE AND DEBRA SAVALLE

This matter is before the Court on the United States of America's Motion for Partial Summary Judgment Against Anthony C. Savalle and Debra Savalle (Doc. No. 87). The Court has reviewed all of the pleadings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow the motion is **GRANTED**.

**I. FACTS**

Plaintiff, Ameriquest Mortgage Company filed this action to foreclose on property located at 88 Sunningdale, Grosse Pointe, Michigan (the "Property"). The United States claims federal tax liens on the property and filed a Counterclaim, seeking to foreclose its federal tax liens and to reduce to judgment tax liabilities assessed against one of the owners of the property, Anthony C. Savalle. See Doc. No. 7.

The Court entered summary judgment in favor of the United States against Anthony Savalle to reduce his tax liabilities to judgment in the amount of $297,114.30, plus statutory accruals from December 1, 2008. See Doc. No. 75. The United States subsequently

entered into stipulations as to priority with Ameriquest Mortgage Company and Homecomings Financial Network, Inc. See Doc. Nos. 64, 82. The Government seeks a judgment enforcing its federal tax liens arising out of Anthony Savalle's tax liabilities against the real property.

## II.     STANDARD OF REVIEW

Rule 56(c) states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact if there is no factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). In other words, the movant must show that it would prevail on the issue even if all factual disputes are conceded to the nonmovant. Additionally, for the purposes of deciding on a motion for summary judgment, a court must draw all inferences from those facts in the light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III.    ANALYSIS

The Internal Revenue Code of 1954 includes several provisions for collection of delinquent taxes. See 26 U.S.C. §§ 6321, 7403. Under § 6321 when someone fails to pay a tax after a demand, a lien in favor of the United States "upon all property and rights to property, whether real or personal," belonging to that person is created. 26 U.S.C. § 6321. After the lien attaches, the Government may enforce it by filing a civil action in district court to force the sale of the attached property. 26 U.S.C. § 7403(a). If the Government prevails, the court must decree a sale of the property and order the proceeds distributed among the parties according to their interests. 26 U.S.C. § 7403(c).

There is no dispute that federal tax liens have attached to Anthony Savalle's interest in the Property. Nevertheless, Savalles contend that foreclosure would be inequitable. In

the alternative, Savalles argue that the motion must be denied because the Government failed to request this relief and failed to conduct any discovery as to the value of Debra Savalle's interest in the Property. The Court disagrees.

In United States v. Rodgers, 461 U.S. 677 (1983), the Court addressed whether the Government can force the sale of property in which a delinquent taxpayer shares interest with his unindebted spouse. More recently, in United States v. Craft, 535 U.S. 274 (2002), the Court addressed whether federal tax liens can attach to property owned in tenancy by the entirety by the delinquent taxpayer and his unindebted spouse. The resolution of these cases undermines Savalles' position.

In Rodgers, 461 U.S. at 687, the Government filed suit under 26 U.S.C. § 7403(a) to foreclose its lien on property owned by the delinquent taxpayer and his wife. Under the state homestead law, spouses owned a separate and undivided possessory interest in property. Id., at 685. The Supreme Court rejected the spouse's argument that foreclosure could not occur because she continued to hold a homestead interest in the property. Id., at 687-88. The Supreme Court held that: (1) federal tax liens may attach to property that cannot be unilaterally alienated; (2) § 7403 allows the Government to seek, and the district court to order, the judicial sale of such property; and (3) if the property is sold, the nondelinquent spouse must receive complete compensation of her interest from the proceeds of the sale. Id., at 680.

Consequently, there is no doubt that a judicial sale of Savalles' property can be ordered; however, the Supreme Court cautioned that the interests of third-parties may be considered. Id., at 709. In assessing the hardship to third-parties, a court looks to "the extent to which the government would be financially prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes;" "whether the third party with a nonliable separate interest in the property would, in the normal course of events...have a legally recognized expectation that separate property would not be subject

3

to forced sale by the delinquent taxpayer or his or her creditors;" "the likely prejudice to the third party, both in personal dislocation costs and in. . .practical undercompensation," and "the relative character and value of the nonliable and liable interests held in the property." Id., at 710-11.

Here, Savalles argue that foreclosure is inequitable under the Rogers factors. Debra Savalle had no involvement in the matters giving rise to the indebtedness–unpaid corporate withholding taxes. Further, she wishes to maximize the value of the property by remaining in the home throughout the sale process.

As for the first contention, the Court observes that the Government is not now seeking to hold her liable. It moves for judicial sale of the Property based solely on the tax liens against Anthony Savalle. Certainly, at the outset of this litigation, the Government characterized Debra Savalle as the nominee/alter ego of her husband. In its Counterclaim, the Government took the position that the government's lien "attaches to any interest Debra Savalle claims in the property" as a nominee of Anthony Savalle." Doc. No. 9 at ¶ 18. See also November 25, 2009 Notice of Federal Tax Lien. Nevertheless, no action has been taken to determine whether she is liable for the entire indebtedness of Anthony Savalle, and the Court renders no opinion as to her liability. Further, the Court agrees with the Government that Debra Savalle's expectation that the Property would not be subject to a forced sale carries little practical value here, where the Ameriquest mortgage is in default, and Ameriquest is seeking foreclosure. See Doc. No. 76. Finally, the Court notes that the underlying purpose "of the federal tax lien statute to insure prompt and certain collection of taxes due the United States from tax delinquents," United States v. Sec. Trust & Sav. Bank, 340 U.S. 47, 51 (1950), outweighs the concerns of the third-party under the facts of this case. Accordingly, the Court declines to exercise its discretion to deny the sale of the entire Property.

Next, Savalles argue that the motion must be denied because the Government has

taken no discovery on the issue of valuation, and that determination cannot be made until the issue of nominee and/or alter ego status of Debra Savalle is resolved. On this basis, Savalles ask the Court to deny relief until the issue of her status is litigated.[1]

The Government's failure to pursue its earlier position does not require a delay in the relief requested here. The Government is entitled to a judgement enforcing its liens against Anthony Savalle's interest in the Property, regardless of Debra Savalle's interest in the Property under Michigan law, provided she is compensated completely for her interest in the proceeds of the sale. Rogers, 461 U.S. at 709. It simply does not need a claim of tax liability against her to obtain the requested judgment.

## IV.  CONCLUSION

For reasons stated, the Court **GRANTS** the Government's motion for partial summary judgment enforcing its tax liens against the Property.

**IT IS FURTHER ORDERED** that the Government is authorized to foreclose on its tax liens against Anthony Savalle pursuant to a judicial sale of the Property commonly known as 88 Sunningdale, Grosse Pointe, Michigan. Proceeds of the sale must be deposited with the Court pending valuation of Debra Savalle's interest and resolution of the remaining disputes if necessary.

**IT IS SO ORDERED.**

                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

Dated: January 6, 2011

---

[1] Defendant filed suit against the IRS to have her status determined. That matter is not before this Court.

6

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon all parties of record via the Court's ECF Filing Policies.

<u>S/Bernadette M. Thebolt</u>
Case Manager